IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT LEWIS GRAYSON,

    Plaintiff,                      No. 2:11-cv-1656-EFB

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.                   ORDER
_____/

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[1] The parties' have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion for summary judgment is granted, defendant's motion for summary judgment is denied, and the case is remanded for payment of benefits.

I. BACKGROUND

Plaintiff protectively filed for SSI benefits on June 19, 2007. Administrative Record ("AR") 37. His application was denied initially and upon reconsideration. *Id.* at 28, 34. On

---

[1] Plaintiff also filed an application for a period of disability and Disability Insurance Benefits, which was denied. Plaintiff, however, does not seek review of that decision.

1

September 8, 2009, a hearing was held before administrative law judge ("ALJ") James M. Mitchell. *Id.* at 41. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert ("VE") testified. *Id.* at 41-70.

On December 22, 2009, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the act. *Id.* at 10, 20. The ALJ made the following specific findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2006. However, the claimant is not eligible for a period of disability and disability insurance benefits due to insufficient evidence. The claimant has failed to submit any medical records on or before December 31, 2006, the date last insured.
>
> 2. The claimant has not engaged in substantial gainful activity since November 1, 2005, the application date (20 CFR 416.971 et seq.).
>
> ...
>
> 3. The claimant has the following medically determinable impairments: essential hypertension (Exhibit 9F, p. 17); a cognitive disorder, not otherwise specified (NOS) secondary to a post traumatic stress disorder (Exhibit 11F, p. 12), and depression (Exhibit 9F, p. 17). These impairments, in combination, are "severe" as defined in regulations (20 CFR 404.1520(c) and 416.920(c)).
>
> ...
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> ...
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1657(c) and 416.967(c), except that claimant is moderately limited in attention, concentration, but only slightly limited in understanding, and memory. The claimant is slightly limited in pace and persistence and in the ability to do simple, routine and repetitive tasks. The claimant requires only occasional close supervision and experiences occasional slight moderate pain.
>
> ...
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

...

7. The claimant was born [in] 1968 and was 37 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

...

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
...

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2005 through the date of this decision (20 CFR 416.920(g).

*Id.* at 12-20.

Plaintiff requested that the Appeals Council review the ALJ's decision. *Id.* at 5. However, on April 20, 2011, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See *Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to

support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff argues that the ALJ (1) erred in rejecting the uncontroverted opinion of Dr. Zeiner in regards to the severity of plaintiff's mental disorder, and (2) as a result, the ALJ failed to properly credit the testimony of the VE including responses to questions posing hypothetical scenarios that accurately reflected plaintiff's limitations. Pl.'s Mot. for Summ. J., Dckt. No. 18 at 20-25.

### A. The ALJ erred in rejecting the opinion of Dr. Zeiner

Plaintiff argues that "[t]he ALJ rejected the uncontroverted psychiatric treating opinion of Dr. Zeiner without a legitimate basis for doing so." Dckt. No. 18 at 17. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. *Id.* at

4

1  830.  While a treating professional's opinion generally is accorded superior weight, if it is
2  contradicted by a supported examining professional's opinion (e.g., supported by different
3  independent clinical findings), the ALJ may resolve the conflict.  *Andrews v. Shalala*, 53 F.3d
4  1035, 1041 (9th Cir. 1995) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

5  Plaintiff's was treated by Harriet Zeiner, Ph.D., from March 2, 2009 through May 29,
6  2009.  AR at 141.  Dr. Zeiner diagnosed plaintiff as having post traumatic stress disorder
7  ("PTSD") with a cognitive disorder not otherwise specified.  *Id*. at 141.  Her clinical findings
8  included severely impaired verbal memory for new material, mildly impaired constructional
9  ability, no functional math, and moderate impairments of mental flexibility.  *Id*.  She also found
10 that plaintiff suffered from social avoidance, paranoia, and hallucinations.  *Id*. at 142.  It was Dr.
11 Zeiner's opinion that plaintiff would have no ability to follow work rules, deal with public, deal
12 with work stress, and maintain attention or concentration; poor use of judgment; and poor ability
13 to relate to co-workers, interact with supervisors, and function independently.  *Id.* at 141-144.
14 Dr. Zeiner opined that plaintiff had no ability to understand, remember, and carry out complex
15 job functions, and poor ability to carry out non-complex but detailed instruction as well as
16 simple job instruction.  *Id*. at 143.  She further opined that plaintiff had a poor ability to behave
17 in an emotionally stable manner, relate predictably in social situations, and demonstrate
18 reliability.  Dr. Zeiner's prognosis for plaintiff was that "cognitive disorder and PTSD combined
19 are unlikely to be treated given [that] patient is highly avoidant and paranoid as well as having
20 thinking problems."  *Id*. at 141.  While Dr. Zeiner did not give plaintiff a return appointment and
21 told him to see her "as needed," she did note that plaintiff was already seeing a licensed clinical
22 social worker, and she advised him to continue with therapy.  *Id*. at 153-156, 163-166.  She also
23 recommended that he continue to take psychiatric medication, and noted that the use of
24 medication should be monitored.  *Id.*

25 The record does not contain any medical opinion evidence contradicting Dr. Zeiner's
26 opinion.  Thus, the ALJ was required to give clear and convincing reasons to reject her opinion.

5

In rejecting Dr. Zeiner's opinion, the ALJ stated:

> As for the opinion evidence, less weight is given to the opinion of Dr. Zeiner with respect to the claimant's ability to perform work-related mental functions. . . . The opinion is not consistent with the medical evidence as a whole. Dr. Zeiner only saw claimant on a few occasions in a three month period (March 2009 to May 2009). I find it hard to believe with all the supposed issues found by the VA that the claimant was not given a return appointment. Dr. Zeiner's opinion is not supported by the VA mental health records.
>
> I note that the claimant was only seen by neuropsychologist Dr. Zeiner for his mental health symptoms for no more than four months and will see her again as needed (testimony of Herbert Grayson). The record contains no evidence of any other mental health treatment. Thus, the severity of the claimant's mental disorders, listed above, did not last for a continuous twelve-month period, and is therefore not considered a severe impairment as defined in the regulations (20 CFR 416.909). However, viewing the evidence in the light most favorable to the claimant, I give the claimant the benefit of the doubt and find that his mental impairment, in combination is severe.

*Id.* at 18.

The ALJ also stated:

> With diagnoses of major depressive disorder single episode, with psychotic features by Dr. Martinez in July 2009 and a cognitive disorder NOS, mild secondary to PTSD by Dr. Zeiner in July 2009, I find it incredible that the claimant only sought mental health treatment for these serious mental impairments for only three to four months if he in fact suffered from these mental impairments. Additionally, the claimant had no history of mental health treatment before seeking treatment in Mach 2009.

*Id*.

The first reason provided by the ALJ–that Dr. Zeiner's opinion is not consistent with the medical record as a whole–is not a clear and convincing reason for rejecting the opinion of plaintiff's treating physician. The ALJ simply stated his conclusion without explaining exactly how Dr. Zeiner's opinion is inconsistent with plaintiff's medical records. As the United States Court of Appeals for the Ninth Circuit has explained, such conclusory statements

> [can]not justify an ALJ's rejection of a medical opinion: ["]To say medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity that our prior cases have required . . . The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctor's, are correct."

6

*Regenniter v. Comm'r of Soc. Sec. Admin*, 166 F.3d 1294, 1299 (9th Cir. 1999) (quoting *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).  As the ALJ failed to explain how Dr. Zeiner's opinion is inconsistent with the medical records, his conclusory statement cannot constitute a clear and convincing reason for rejecting Dr. Zeiner's opinion.

In the same vein, the ALJ's statement that Dr. Zeiner's opinion was not supported by the VA mental health records is not a clear and convincing reason for rejecting her opinion.  The ALJ, rather than explaining how Dr. Zeiner's opinion is not supported by the VA records, simply provides his bare conclusion.  Again, this type of conclusory statement does not contain the degree of specificity this circuit's precedent requires to reject an uncontradicted treating-source opinion.

The ALJ also rejected Dr. Zeiner's opinion because of the short duration of her treatment of plaintiff.  *Id*. at 18.  The ALJ observed that Dr. Zeiner first examined plaintiff on March 2, 2009, and last treated plaintiff on May 29, 2009, and that she only saw plaintiff a few times during this period.  *Id*. at 16, 18.  An ALJ may properly consider the length of treatment and the frequency of examinations in assessing what weight to give a treating source's opinion.  20 C.F.R. § 404.1527(c)(2)(I); *see also Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).  The presence of a limited treatment relationship, however, cannot alone constitute a clear and convincing reason for rejecting a treating source's opinion.  To hold otherwise would render the opinion of an examining physician worthless.  As previously explained, an ALJ may not reject the opinion of either a treating or examining physician without providing "clear and convincing" reasons.  *Lester*, 81 F.3d at 831.  If a limited treating relationship constituted a clear and convincing reason for rejecting an opinion from a treating or examining source, an opinion from an examining source would always be rejected because the relationship between a claimant and an examining physician is generally limited to a single examination.  *See Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (holding that while a limited treating relationship may be a valid reason for not according a treating physician's "findings the conclusive weight of a treating

7

medical-source opinion, . . . it is not by itself a basis for rejecting them– otherwise the opinions of consultative examiners would essentially be worthless. . . ."). Opinions from examining sources, however, are often relied upon in determining whether a claimant is disabled.[2] Yet, Dr. Zeiner's opinion here was based on more than a single consultative exam. Furthermore, as discussed above, the basis for her findings and the reasons for her conclusions are set out in her reports. Her opinion should not have been summarily dismissed. *Regenniter,* 166 F.3d at 1299; *Embrey*; 849 F.2d at 421-22. Accordingly, the short duration of treatment provided by Dr. Zeiner does not constitute a clear and convincing reason for rejecting her uncontradicted opinion.

The ALJ also stated that he found "it hard to believe, with all the supposed issues found by the VA that the claimant was not given a return appointment." AR at 18. Worded differently, the ALJ rejected Dr. Zeiner's opinion because her assessment was inconsistent with the conservative treatment provided. In reaching this conclusion, however, the ALJ overlooked evidence that explains Dr. Zeiner's decision to see plaintiff on an as needed basis. While Dr. Zeiner did not schedule a return appointment, treatment did not cease. Dr. Zeiner noted that plaintiff was already seeing a licensed clinical social worker, and she recommended plaintiff continue therapy to address his PTSD and depression and continue taking his psychiatric medication. *Id.* at 156, 163. Furthermore, Dr. Zeiner recommended continued monitoring of plaintiff's symptoms and efficacy of his medication. *Id*. There is evidence in the record that plaintiff followed through with this recommendation and continued to see physicians at the VA to receive medication refills and adjustments to his medication. *Id*. at 149, 153. Lastly, Dr. Zeiner's decision to not schedule a follow-up appointment must also be viewed in the context of

---

[2] For example, the ALJ relied on the opinion of Cesar Duclair, M.D., who examined plaintiff on August 26, 2007, in determining that plaintiff did not have any physical limitations. AR 15-16, 89. It would be anomalous to accept the opinion of Dr. Duclair, who only saw plaintiff one time, while rejecting Dr. Zeiner's opinion simply because she had only treated plaintiff for three months.

8

her prognosis that plaintiff's PTSD and cognitive disorder made successful treatment unlikely. *Id*. at 141. The evidence establishes that plaintiff's treatment was not as conservative nor the condition as susceptible to treatment as the ALJ suggests.[2] Accordingly, the court finds that this additionally proffered reason by the ALJ for disregarding Dr. Zeiner's opinion is not supported by substantial evidence in the record.

Defendant argues that the ALJ's decision was supported in light of the fact that plaintiff delayed seeking treatment for his mental health issues. That the plaintiff delayed in seeking treatment is not a clear and convincing reason for rejecting Dr. Zeiner's opinion. While defendant is correct that an ALJ may properly reject a claimant's testimony on the ground that a claimant delayed seeking treatment, *Burch*, 400 F.3d at 681, the Ninth Circuit has also held that a delay in seeking treatment for depression does not provide a sufficient justification for rejecting a physician's opinion. The Ninth Circuit has explained that "it is common knowledge that depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness . . . . Thus, the fact that [the plaintiff] may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that" his or her physician's assessment is inaccurate. *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Accordingly, plaintiff's delay in seeking treatment of his PTSD and depression is not a legally sufficient basis for rejecting Dr. Zeiner's opinion.

Defendant further argues that the ALJ properly rejected Dr. Zeiner's opinion because it was based on plaintiff's subjective complaints, which the ALJ properly discredited. While the ALJ did discussed plaintiff's credibility, AR at 17, the ALJ never stated that he was rejecting Dr. Zeiner's opinion because it was based on plaintiff's subjective complaints. As the ALJ did not

---

[2] This evidence also rebuts the ALJ's statement that he found it "incredible that plaintiff only sought treatment for these serious mental impairments for only three to four months." The record shows that plaintiff continued to seek treatment even after Dr. Zeiner decided to see plaintiff on an as needed basis. AR 149, 153.

rely on this reason, it is not a proper basis for upholding the ALJ's rejection of Dr. Zeiner's opinion. *See Barbato v. Comm'r of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) ("[T]he Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision."); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion").[3]

While the ALJ proffered several reasons for rejecting Dr. Zeiner's opinion, none of them were clear and convincing. Accordingly, the ALJ erred in rejecting Dr. Zeiner's opinion.

### B. Remand for Payment of Benefits

A district court's decision to remand for payment of benefits rather than for further administrative proceedings is reviewed for abuse of discretion. *See Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Where the record is fully developed and further administrative proceedings would not be useful, a district court should remand for payment of benefits. *See*, *e.g.*, *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1137-38 (9th Cir. 2011).

Specifically, the Ninth Circuit has explicitly held that a district court should remand for immediate payment of benefits if "1) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence, 2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke*, 379 F.3d at 593 (citing *Harman*, 211 F.3d at 1178); *McCartey v. Massanari,* 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Smolen*, 80 F.3d at 1292. *See also Strauss*, 635 F.3d at 1137-38; *Varney v. Secretary of Health & Human Services*, 859 F.2d 1396 (9th Cir. 1988). This rule applies to an ALJ's

---

[3] Defendant also appears to argue that the ALJ's rejection of Dr. Zeiner's opinion was justified because plaintiff only sought treatment shortly before applying for disability, and he did not seek treatment until his attorney referred him to the VA. Dckt. No. 19 at 5-6. While the ALJ found that these facts reduced plaintiff's credibility, the ALJ did not rely on this evidence to reject Dr. Zeiner's opinion. Accordingly, this is not a proper basis for upholding the ALJ's decision.

improper rejection of the claimant's own testimony as well as treating or examining physician testimony. *See*, *e.g.*, *McCartey*, 298 F.3d at 1076-77 (award of benefits is mandatory where the ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony)*; Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) ("[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'").

When there are outstanding issues that must be resolved in a particular claimant's case, however, remand for further proceedings is appropriate. *See*, *e.g.*, *Harman*, 211 F.3d 1172 (9th Cir. 2000) (remand for further proceedings rather than payment of benefits appropriate where physician's conclusion that plaintiff was "totally disabled" was a medical, rather than legal conclusion, and physician's complete testimony had not been presented to the ALJ); *Vasquez v. Astrue*, 572 F.3d 586, 593-94 (9th Cir. 2009) (remand for further proceedings appropriate where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence); *Regennitter*, 166 F.3d at 1300 (requiring further proceedings to determine the date on which a claimant became disabled, after finding that disability was established by crediting claimant's and examining physician's testimony); *Strauss*, 635 F.3d at 1138 ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be").

Although Ninth Circuit panel decisions have, as explained above, repeatedly endorsed the credit-as-true rule and have held that district courts should remand for payment of benefits when the three-part test is met, at least one Ninth Circuit panel has held that district courts retain discretion in deciding whether to remand for payment of benefits or for further administrative proceedings in such a situation. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (discussing Ninth Circuit cases that appeared not to follow the credit-as-true rule, and concluding that the court must have "some flexibility in applying the crediting as true theory");

11

1 *Vasquez*, 572 F.3d at 594 (discussing a "split in authority" in the Ninth Circuit over whether the
2 credit-as-true rule is mandatory or discretionary, but not resolving the conflict); *id.* at 602-05
3 (Judge O'Scannlain, in dissent, calling for *en banc* review of the credit-as-true rule to resolve the
4 "irreconcilable conflict" between *Connett* and the *Benecke* line of cases).

5       District courts are thus commanded by the *Benecke* line of cases to remand for payment
6 of benefits if the three-part test discussed above is met, but simultaneously instructed by *Connett*
7 that they need not remand for payment of benefits under the same circumstances. As the
8 *Benecke* line of authority appears to require this court to remand for payment of benefits if the
9 precedent conditions are met, and the *Connett* line of cases merely permits, but does not require,
10 this court to remand for further proceedings in the same circumstances, this court seems bound to
11 apply the *Benecke* line of cases. Indeed, *Connett* does not explain how this court should decide
12 whether to apply the credit-as-true rule, but merely suggests that the court has flexibility in
13 choosing which claimants receive benefits on remand when the same precedent conditions are
14 met. Such an approach invites arbitrary decision-making and impermissible re-weighing of the
15 medical evidence by this court. Thus, until the Ninth Circuit resolves this issue en banc, this
16 court will follow the *Benecke* test.

17       Under *Benecke*, this court must remand for payment of benefits. As already explained
18 above, the ALJ failed to provide legally sufficient reasons for rejecting the treating physician's
19 assessment. Furthermore, it is clear from the evidence in the record that the ALJ would have
20 been required to find plaintiff disabled if he had credited Dr. Zeiner's opinion. During the
21 September 8, 2009 hearing, the ALJ asked the VE hypothetical questions regarding the
22 availability of jobs for an individual possessing various limitations. AR 67. The ALJ posed a
23 hypothetical involving an individual that had the ability to perform medium work and that was
24 ////
25 ////
26 ////

similar in age, education, and past work experience to plaintiff.[4]  AR 67.  The VE concluded that there were jobs available for this individual.  *Id*.  The ALJ then altered the hypothetical to add the following nonexertional limitations: "slightly limited in attention, concentration, understanding and memory.  Vision diminished but correctable.  Hearing, reach, fine and gross connective abilities are in tact.  He is slightly limited in the ability to do simple, routine task[s].  Environmentally no restrictions; unlimited contact with public; occasional supervision; pain slight to moderate."  *Id*. at 67-68.  The VE found that there would be 20 percent job erosion.  *Id.* at 68.  The ALJ then asked the VE what the erosion would be if the individual was "moderately limited in understanding and memory as well as attention and concentration."  *Id.*  The VE concluded that these limitations would result in 100 percent job erosion.  *Id*.  Stated another way, the VE concluded that there would be no jobs available for a person with such limitations.  *Id*.

     Dr. Zeiner did not find that plaintiff was only moderately limited in understanding, memory, attention, and concentration.  Rather, she opined that plaintiff had no ability to understand, remember and carry out complex job instruction; poor ability to understand, remember and carry out detailed, but not complex job instruction; and poor ability to remember and carry out simple job instructions.  *Id*. at 143.  She also opined that he had no ability to maintain attention and concentration.  Given that the mental limitations found by Dr. Zeiner are more extreme than the limitations contained in the hypothetical, it is clear that had the ALJ credited Dr. Zeiner's opinion, he would have concluded that plaintiff's mental limitations precluded him from performing other work.  Because the ALJ would have been required to find plaintiff disabled at the fifth step of the sequential evaluation process, plaintiff is entitled to have the matter remanded for payment of benefits.

////

---

[4]  The regulations provide that "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).

13

## IV. CONCLUSION

The court finds that the ALJ erred in failing to provide legally required reasons for rejecting the treating physician's opinion. Therefore, IT IS ORDERED that:

1. Plaintiff's motion for summary judgement is granted;
2. The Commissioner's cross-motion for summary judgement is denied;
3. The Clerk is directed to enter judgement in plaintiff's favor; and
4. This action is remanded for payment of benefits.

DATED: September 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE