BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX,
Social Security Administration
THEOPHOUS H. REAGANS, SBN CA 189450
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8938
    Facsimile: (415) 744-0134
    E-Mail: theophous.reagans@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| HERBERT GRAYSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security,<br><br>    Defendant. | CIVIL NO. 2:11-cv-1656 EFB<br><br>STIPULATION AND ~~PROPOSED~~ ORDER SETTLING ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FIVE THOUSAND dollars and 00 cents ($5,000.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether

they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA

Respectfully submitted,

Dated: December 18, 2012        /s/ *Bess M, Brewer*
                                *(As authorized via email)*
                                BESS M. BREWER
                                Attorney for Plaintiff

Dated: December 18, 2012        BENJAMIN B. WAGNER
                                United States Attorney
                                DONNA L. CALVERT
                                Acting Regional Chief Counsel, Region IX
                                Social Security Administration

                                */s/ Theophous H. Reagans*
                                THEOPHOUS H. REAGANS
                                Special Assistant U.S. Attorney

                                Attorneys for Defendant

**ORDER**

**APPROVED AND SO ORDERED.**

Dated: June 24, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2